1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DIANNE HUNTSBERRY,                        Case No.  16-cv-01893-DMR

            Plaintiff,
8                                              **ORDER REASSIGNING CASE TO
                                               DISTRICT JUDGE; REPORT AND
        v.                                     RECOMMENDATION TO GRANT IFP
9                                              APPLICATION AND DISMISS
     JULIE ANN SHIELDS, et al.,                AMENDED COMPLAINT WITH
10                                             LEAVE TO AMEND**
            Defendants.
11                                             Re: Dkt. Nos. 1, 2, 6, 7

12

13         Plaintiff filed a Complaint and Application to Proceed *In Forma Pauperis* ("IFP

14   Application").  [Docket Nos. 1, 2.]   Shortly thereafter, Plaintiff filed an Amended Complaint.

15   [Docket No. 6.]  The court requested additional information regarding the IFP Application, which

16   Plaintiff provided.  [Docket No. 7.]  Plaintiff has declined the jurisdiction of a magistrate judge

17   pursuant to 28 U.S.C. § 636.  [Docket No. 5.]  Therefore, the undersigned requests that this matter

18   be reassigned to a District Judge, and issues this Report and Recommendation with the

19   recommendation that the IFP application be granted, and that the Amended Complaint be

20   dismissed with leave to amend.

21                          **I.        BACKGROUND**

22         In order to understand and fairly construe Plaintiff's allegations, for purposes of this

23   Report and Recommendation, the court reviews the information in both the Complaint and the

24   Amended Complaint.

25         Plaintiff brings this action against Julie Ann Shields, Vickie L. Mickle, and James

26   Thompson (collectively, "Defendants").  Plaintiff owned real property at 3201 Partridge Avenue

27   in Oakland, CA.  Compl. at 1.  Plaintiff alleges that at some unspecified time notaries public

28   Shields and Mickle participated in the fraudulent transfer of Plaintiff's real property through some

United States District Court
Northern District of California

1    form of forgery.  Compl. at 1-2.  Plaintiff alleges that Thompson "caused financial identity theft,"

2    but provides no additional information about him.  Am. Compl. at 1-2.

3            Liberally construed, Plaintiff raises seven claims for relief.  Plaintiff asserts the following

4    six claims pursuant to criminal statutes: (1) financial identity theft under 18 U.S.C. § 1028(a)(7);

5    (2) deprivation of rights under 18 U.S.C. § 242; (3) wire fraud under 18 U.S.C. § 1343; (4) illegal

6    transfer of real property by forged deed under 18 U.S.C. § 495; (5) laundering of monetary

7    instruments under 18 U.S.C. § 1956(a)(1); and (6) engaging in monetary transactions derived from

8    specified unlawful activity under 18 U.S.C. § 1957.  Am. Compl. at 2.  Plaintiff also asserts a

9    claim for violation of civil rights under 42 U.S.C. § 1983.  *Id.*

10           For the reasons stated below, the court recommends that the Amended Complaint be

11   dismissed with prejudice with respect to the claims brought under criminal statutes.  However, the

12   court recommends that Plaintiff otherwise be granted leave to amend.

## II.       DISCUSSION

### A.       IFP Application

15          A court may authorize a plaintiff to prosecute an action in federal court without

16   prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable

17   to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's

18   financial affidavit, the court believes that Plaintiff has satisfied the economic eligibility

19   requirement of 28 U.S.C. section 1915(a) and recommends granting the IFP Application.

### B.       Review of Complaint

21          In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case sua

22   sponte if the party applying for *in forma pauperis* status files a frivolous action, fails to state a

23   claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

24   from such relief.  28 U.S.C. § 1915(e)(2)(B).  To make the determination under 28 U.S.C. section

25   1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted

26   wrong, "however inartfully pleaded."  *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir.

27   1984).  Courts have the authority to dismiss complaints founded on "wholly fanciful" factual

28   allegations for lack of subject matter jurisdiction.  *Id.* at 1228.  A court can also dismiss a

United States District Court
Northern District of California

2

1    complaint where it is based solely on conclusory statements, naked assertions without any factual

2    basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78

3    (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

4           Although pro se pleadings are liberally construed and held to a less stringent standard than

5    those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a complaint, or

6    portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts

7    to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

8    554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se

9    complaint without leave to amend unless it is absolutely clear that the deficiencies of the

10   complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

11   2012) (quotations omitted).

12          The court now reviews Plaintiff's claims for relief.

13                 **i.     Claims Regarding Criminal Allegations**

14          Six of Plaintiff's claims arise under criminal statutes.  Plaintiff seeks relief for financial

15   identity theft, 18 U.S.C. § 1028(a)(7); deprivation of rights, 18 U.S.C. § 242; wire fraud, 18

16   U.S.C. § 1343; illegal transfer of real property by forged deed, 18 U.S.C. § 495; laundering of

17   monetary instruments, 18 U.S.C. § 1956(a)(1); and engaging in monetary transactions derived

18   from specified unlawful activity, 18 U.S.C. § 1957.

19          Generally, private citizens do not have standing to initiate a federal criminal

20   prosecution. *See, e.g.*, *Robertson v. U.S. ex rel. Watson,* 560 U.S. 272, 278 (2010) ("Our

21   entire criminal justice system is premised on the notion that a criminal prosecution pits the

22   government against the governed, not one private citizen against another.") (per curiam); *see also*

23   *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially

24   cognizable interest in the prosecution or nonprosecution of another.").

25          None of the criminal statutes cited by Plaintiff appear to provide a basis for civil liability.

26   *See, e.g.*, *Agnew v. Compton,* 239 F.2d 226, 230 (9th Cir. 1956) (no civil liability pursuant to 18

27   U.S.C. §§ 241 and 242), *overruled on other grounds, Cohen v. Norris*, 300 F.2d 24, 29–30 (9th

28   Cir.1962); *McDonald v. Lee*, No. 15-CV-1256-KJM-KJN, 2015 WL 4758012, at *3 (E.D. Cal.

United States District Court
Northern District of California

3

1    Aug. 11, 2015) (no private standing to prosecute claim under 18 U.S.C. § 1343); *Ardalan v.*

2    *McHugh*, No. 13-CV-01138-LHK, 2013 WL 6212710, at *18 (N.D. Cal. Nov. 27, 2013) (plaintiff

3    lacked standing to bring claims under various criminal statutes).

4          As a private citizen, Plaintiff does not have standing to bring suit under the criminal

5    statutes that she has identified.  Accordingly, the court recommends that Plaintiff's claims be

6    dismissed without leave to amend to the extent they are based on criminal statutes.

7          However, Plaintiff alleges that Defendants "committed knownly [sic] and [i]ntentional

8    harm to plainitff [sic] by unlawful acts 18 U.S.C. 242 and [w]ire fraud 18 U.S.C. [s]ection 1343."

9    Am. Compl. at 2.  Broadly construed, it is possible that Plaintiff is attempting to allege tortious

10   conduct.  The court therefore recommends that Plaintiff be granted leave to amend to the extent

11   that she is attempting to assert a state tort claim, such as fraud.

             **ii.    42 U.S.C. § 1983**

12

13         To state a claim under section 1983, a complaint "must both (1) allege the deprivation of a

14   right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was

15   committed by a person acting under color of state law."  *Anderson v. Warner,* 451 F.3d 1063,

16   1067 (9th Cir. 2006).

17         Plaintiff's section 1983 claim fails to satisfy either prong.  First, Plaintiff does not allege

18   how her constitutional or federal rights were violated, nor does she identify each Defendant's role

19   in the violation.

20         As to the second prong, Plaintiff does not allege that the actions were committed by "a

21   person acting under color of state law."  *Anderson*, 451 F.3d at 1067.  Shields and Mickle are

22   notaries public.  California law provides that the "Secretary of State may appoint and commission

23   notaries public in such number as the Secretary of State deems necessary for the public

24   convenience."  Cal. Gov't Code § 8200.  Persuasive authority suggests that notaries public are not

25   state actors, as they merely hold a commission.  *See, e.g.*, *Bush v. Pharis*, No. 1:13-CV-00452,

26   2013 WL 5961107, at *6 (W.D. La. June 3, 2013), *report and recommendation adopted*, No.

27   CIV.A. 13-0452, 2013 WL 5961110 (W.D. La. Nov. 7, 2013) (dismissing section 1983 claim

28   against notary public because he was not a state actor); *see also Worthington v. Rose Palmer, Esq.*,

*United States District Court*
*Northern District of California*

4

1    No. 3:15CV410, 2015 WL 7571822, at *6 (E.D. Va. Nov. 24, 2015), *appeal dismissed* (Feb. 29,

2    2016) (notary public is a commission holder with ministerial powers, not a state actor).

3           Plaintiff names Thompson as a defendant, but does not explain who he is or his

4    involvement in the facts underlying this suit.[1]  Thus, Plaintiff has not provided enough information

5    for the court to determine whether Thompson is a state actor.

6           Plaintiff has not identified a defendant acting under color of state law who has violated a

7    right guaranteed to Plaintiff by the federal Constitutional or a federal statute.  However, because it

8    is not clear that amendment would be futile, the court recommends that Plaintiff's section 1983

9    claim be dismissed with leave to amend.

10                        **III.        PRIOR STATE LAWSUIT**

11          According to Plaintiff, the present action raises claims that have been filed in other

12   lawsuits.  IFP App. ¶ 10.  Specifically, Plaintiff identifies two cases brought in the Superior Court

13   of California, Alameda County: Case Nos. RG09489160 and RG08364892.  *Id.*  It is not possible

14   to determine whether the claims or issues raised in this case have been adjudicated in the state

15   court proceedings.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25

26

27   [1] Plaintiff submits: "The plainitff [sic] Dianne Huntsberry alleges [t]hat additional Defendant have
     been named as James Thompson [t]o the complaint as a party to plainitff [sic] pleadings that
28   caused the [f]inancial identity theft alleged in this amended complaint pursuant [t]o 18 U.S.C.
     Section 1028 ( a ) ( 7 ) [sic]." Am. Compl. at 1-2.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### IV.      CONCLUSION

For the reasons stated above, the court recommends that Plaintiff's IFP application be granted and that her complaint be dismissed with prejudice as to the claims arising under criminal statutes.  Plaintiff should otherwise be granted leave to amend, as she may be able to plead sufficient facts to support civil claims for the alleged wrongful conduct.

The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO RECOMMENDED.**

Dated: June 24, 2016

_____
DONNA M. RYU
United States Magistrate Judge