UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE TAYLOR HUNTSBERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>JULIE ANN SHIELDS, et al.,<br><br>    Defendants. | Case No. 16-cv-01893-WHO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT**<br><br>Dkt. No. 12, 14 |

## INTRODUCTION

Plaintiff Dianne Huntsberry filed this lawsuit on April 11, 2016. On July 19, 2016, I adopted Judge Ryu's Report and Recommendation in whole and granted Huntsberry's application to proceed *in forma pauperis,* dismissed her claims arising out of criminal statutes with prejudice, and dismissed her 42 U.S.C. § 1983 claim and any tort claims with leave to amend. Dkt. No. 11. On August 11, 2016, Huntsberry filed an Amended Complaint. First Amended Complaint ("FAC") Dkt. No. 12. I now review her Amended Complaint sua sponte to assess whether she has alleged facts sufficient to state a claim.

The FAC establishes that Huntsberry had knowledge of the facts underlying her claims as of October 24, 2006, more than nine years prior to the initiation of this case. Her section 1983, tort, and contract claims are barred by their various statutes of limitations. She does not have a private right of action to sustain her criminal claims. Accordingly, I DISMISS Huntsberry's First Amended Complaint WITH PREJUDICE. She has already amended her complaint and it appears that further amendment would be futile. Her request for an order issuing summons against the defendants is DENIED.

## BACKGROUND

Huntsberry brings claims against Julie A. Shields, Vicky L. Mickel, James W. Thompson,

1   and Gold Coast Mortgage Inc.  She used to own real property at 3201 Partridge Avenue in
2   Oakland, CA.  FAC at 1.  In 2005, she met Thompson, who told her that he had a company that
3   could help her make profitable investments.  *Id.* at 2.  Huntsberry signed some forms and believed
4   that Thompson would find investments for her.  *Id.* at 3.

5         On October 24, 2006 Huntsberry learned, for the first time, that title to her house had been
6   transferred to Thompson by Grant Deed in March of 2005.  *Id.*  Notary Julie Ann Shields had
7   notarized the Grant Deed on April 12, 2005.  *Id.*  Huntsberry alleges that she never met with
8   Shields and was not aware that she had transferred title to Thompson.  *Id.*  She asserts that Shields
9   and Thompson conspired to forge the Grant Deed and to defraud Huntsberry to take title to her
10  home.  The other defendants allegedly contributed to the fraud by facilitating or conducting other
11  transactions related to the Grant Deed after the initial transfer to Thompson.  *Id.* at 5-6.

12        The FAC references a prior case Huntsberry brought against Thompson and several other
13  defendants in the Superior Court of California, County of Alameda, before Judge Cecilia
14  Castellanos, case No. RG08364892.  FAC at 14.  I take judicial notice of the docket and record in
15  that case.  The docket reflects that Huntsberry filed her complaint on January 8, 2008.  Complaint,
16  *Huntsberry v. Diversified Mgmt. Consultants*, (Cal. Superior) (Jan. 8, 2008) (No. RG08364892).
17  A verdict and settlement summary notes that Huntsberry brought claims of fraud and conspiracy
18  against Thompson based on the same facts at issue here, that in 2005, Thompson defrauded her
19  out of title to her home.  *See Verdict and Settlement Summary re Diane Huntsberry v. Diversified*
20  *Management Consultants Inc. No. RG08364892*, VerdictSearch California Reporter, Sept. 2009,
21  2009 WL 6491402.  The summary further notes that the court entered an order on April 17, 2009
22  deeming certain requests for admission against Huntsberry admitted, and that this had the effect of
23  finding that Huntsberry had no evidence to prove her claims against Thompson.  *Id.*  According to
24  the docket, Huntsberry dismissed her claims against Thompson with prejudice on May 7, 2009.

25        Read liberally, Huntsberry raises 11 claims for relief in the FAC:  (1) deprivation of rights
26  under 42 U.S.C. § 1983, (2) common law fraud, (3) breach of fiduciary duty, (4) breach of
27  contract, (5) mortgage loan originator fraud and lender loan fraud, (6) wire fraud, (7) mail fraud,
28  (8) making false statements to HUD, (9) real estate laundering, (10) deed fraud, and (11) forgery.

**LEGAL STANDARD**

A court may dismiss a case proceeding *in forma pauperis* sua sponte if the plaintiff files a frivolous action, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In reviewing a case filed by a plaintiff *in forma pauperis*, a court should assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Pro se pleadings must be held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, a complaint, or portion thereof, should be dismissed if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).  "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

**DISCUSSION**

**I.  CRIMINAL CLAIMS**

Although Huntsberry does not cite specific statutes, seven of her claims appear to arise under criminal statutes.  These include her claims of (5) mortgage loan originator fraud and lender loan fraud (bank fraud), 18 U.S.C. § 1344, (6) wire fraud, 18 U.S.C. § 1343, (7) mail fraud, 18 U.S.C. § 1341, (8) making false statements to HUD, 18 U.S.C. § 1012, (9) real estate laundering, 18 U.S.C. § 1956(a)(1), (10) deed fraud, California Penal Code 115 and (11) forgery, Cal Penal Code 470.  As Judge Ryu explained in her Report and Recommendation, which I adopted in whole in my July 19, 2016 order, generally "private citizens do not have standing to initiate a federal criminal prosecution."  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Report and Recommendation ("R&R") at 3, (Dkt. No. 8).

In adopting Judge Ryu's recommendation, I dismissed Huntsberry's claims "without leave to amend to the extent they are based on criminal statutes."  *Id.* at 4.  Because her criminal claims

were dismissed without leave to amend, and because Huntsberry does not have standing to pursue these claims, to the extent Huntsberry again brings claims based on criminal statutes now, these claims must be dismissed.

**II.  TORT CLAIMS, CONTRACT CLAIM, AND 1983 ACTION**

I read Huntsberry's complaint as bringing California common law claims for fraud, breach of fiduciary duty, and breach of contract as well as a section 1983 action for deprivation of property.  These claims are barred under the California statutes of limitations for fraud, breach of fiduciary duty, breach of contract claims, and the appropriate statute of limitations for the alleged 1983 action.

California fraud claims, and breach of fiduciary duty claims based in fraud are subject to a three year statute of limitations.  Cal. Code Civ. Proc. § 338(d) ("Within three years . . . An action for relief on the ground of fraud or mistake").  Claims based on breach of a written contract are subject to a four year statute of limitations.  Cal. Code Civ. Proc. § 337 ("Within four years . . . An action upon any contract, obligation or liability founded upon an instrument in writing").

For section 1983 actions, courts apply the forum state's personal injury statute of limitations, or, if multiple personal injury statutes of limitations might apply, they apply the state's residual statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261, 265 (1985); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  Here, the most analogous personal injury statute of limitations on Huntsberry's 1983 action may be for fraud, which has a three year statute of limitations.  Cal. Code Civ. Proc. § 338(d).  Or, since Huntsberry's 1983 claim is against Shields, a notary public, the statute of limitations for claims against notary publics may apply.  Claims brought against a notary public are subject to a three year statute of limitations, which may be extended if malfeasance prevents discovery of facts constituting the cause of action.  Cal. Code Civ. Proc. § 338(f)(1).  However, even if malfeasance prevents discovery, at maximum, "an action against a notary public on his or her bond or in his or her official capacity shall be commenced within six years." § 338(f)(3).  As it is not wholly clear which California statute of limitations might apply to Huntsberry's section 1983 claim, California's residual statute of limitations, which is four years, may be most appropriate.  Cal. Code Civ. Proc. § 343 ("An action for relief not hereinbefore

provided for must be commenced within four years after the cause of action shall have accrued.").

No matter which statute of limitations I apply to Huntsberry's tort, contract and section 1983 claims - three, four, or even six years - Huntsberry's claims, which she brought in this court more than nine years after knowing the factual basis for her claims, are barred.

When applying California's statutes of limitations, the date of accrual for fraud claims is "the date the complaining party learns, or is put on notice, that a representation was false." *Brandon G. v. Gray*, 111 Cal. App. 4th 29, 35 (2003) (outlining the rule of accrual for fraud cases governed by California law). Huntsberry's claims arise out of alleged fraudulent and illegal conduct in 2005 and 2006 when Thompson, Shields, and the other defendants, engaged in various acts to defraud her of title to her home. She alleges that she first learned that title to her house had been transferred to Thompson, without her knowledge or proper consent, on October 24, 2006 when she received a letter from Thompson's attorney. FAC at 3. It appears that soon after she received this letter, Huntsberry became aware of the fraud she alleges here, took steps to dispute the change in title and in early 2008 brought fraud charges against Thompson in California Superior Court. *Id.* at 14. The date of accrual for her claims thus appears to date to October 24, 2006, or soon thereafter. *Brandon G.*, 111 Cal. App. 4th at 35.

While Huntsberry alleges that she did not learn that Shields used a "non eligible notary stamp" on her Grant Deed until the Secretary of State released this information in 2015, this fact does not postpone the date of accrual on her claims. FAC at 4. Huntsberry alleges that Shields "states in her Acknowledgement dated on the Grant Deed of April 12, 2005 that I appeared before here to transfer my property title of my home at 3201 Partridge Avenue" but that this never happened. FAC at 8. Since Huntsberry alleges that Shields made false statements on the Grant Deed Authorization, she became aware of Shields' alleged fraud at the time, or shortly after, she became aware of the allegedly fraudulent Grant Deed in 2006. Because Huntsberry was aware of, or was put on notice of Shields' fraud in 2006 when she originally learned of the authorized Grant Deed, her claims against Shields accrued in 2006, not in 2015.

Further, previous nondisclosure of the flaw with the notary stamp did not toll the statute of limitations. "With respect to actions based on fraud, the statute of limitations is tolled whenever

5

plaintiff is able to show the defendant fraudulently concealed facts which would have led him to discover his potential cause of action." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.* 522 F.3d 1049 (9th Cir. 2008). Huntsberry has not alleged any facts indicating that the defendants concealed information about the notary stamp, and, as discussed, this fact did not prevent Huntsberry from discovering her potential cause of action because she was aware of Shields' fraudulent involvement in 2006.

Because Huntsberry's claims appear to have accrued in 2006, and her claims were not tolled by any concealment of facts, the three year statute of limitations on her fraud, fiduciary duty, and 1983 claims (if the fraud statute of limitations applies to these claims), ran in 2009. Although Huntsberry's allegations of breach of contract are vague, they appear to date to 2005 and 2006 as well and so the four year statute of limitations on this claim ran in 2010. *Romano v. Rockwell Internat., Inc.*, 14 Cal.4th 479, 487 (1996) ("A cause of action for breach of contract does not accrue before the time of breach."). Huntsberry's claims against the notaries public, also subject to the three year statute of limitations, ran in 2009. Even if Huntsberry could show that her claims against the notaries are "based on malfeasance or misfeasance" and so are "not deemed to have accrued until discovery, by the aggrieved party . . . of the facts constituting the cause of action," under the California code, even if malfeasance prevents discovery, all claims against notary publics, must be "commenced within six years." Cal. Code Civ. Proc. § 338(f)(3). At maximum, this means the statute of limitations ran on Huntsberry's claims against the notaries in 2012. Finally, if we apply the four year California residual statute of limitations to Huntsberry's 1983 claim, the statute of limitations ran on that claim in 2010.

Huntsberry's claims were not tolled by her Superior Court case. Under California law tolling may be appropriate in a later suit when an earlier suit was filed and the plaintiff acted reasonably and in good faith in filing the second claim. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (plaintiff that diligently pursued state claims and believed defendants would comply with state court orders acted reasonably and in good faith in waiting to file federal action). On the available facts, where Huntsberry filed her second case almost seven years after dismissing her claims against Thompson with prejudice and offers no explanation for the delay, tolling is not

appropriate.  Indeed, Huntsberry's claims may well be barred by res judicata, issue preclusion, and collateral estoppel as a result of the earlier case.  But even if tolling applied, it would run from January 8, 2008 (when she filed her complaint in state court) to May 7, 2009 (when it was dismissed).  Even the six year statute would have run given that more than nine years had passed since accrual of the claims; in fact, it has run since her dismissal of the first lawsuit.

Huntsberry's allegations of fraud, breach of fiduciary duty, breach of contract, and deprivation of rights are all based on actions and conduct that took place nearly a decade ago. Huntsberry did not file her original complaint in this case until April 11, 2016, well after the statutes of limitations ran on her various claims.  California law prohibits Huntsberry from pursuing these claims now.

## CONCLUSION

Because Huntsberry does not have standing to pursue her criminal claims, and because the statutes of limitations have run on her tort, contract, and 1983 claims, Huntsberry's First Amended Complaint is DISMISSED.  Huntsberry has already amended her complaint once, and the allegations in her First Amended Complaint suggest that further amendment would be futile. These claims are dismissed WITH PREJUDICE.  Huntsberry's request to serve summons on the defendants is DENIED.

**IT IS SO ORDERED**.

Dated: October 3, 2016



WILLIAM H. ORRICK
United States District Judge